UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Margaret P. Lunt

    v.                            Civil No. 04-cv-398-PB

Gregory A. Gaylor


O R D E R

The pretrial order (document no. 13) required defendant to provide his expert disclosure by June 1, 2005. Defendant's untimely expert report, dated in May, was served on September 29, 2005. I allowed the late report over plaintiff's objection only because defendant is pro se, in prison, and the prejudice appeared to be minimal. Additionally, plaintiff assented provided that it could depose the expert at defendant's cost. My order allowed the late disclosure provided that the plaintiff could depose the expert at defendant's cost. Defendant moved to reconsider on the basis, among other things, that he had no ability to pay the costs (document no. 55). Because plaintiff did not object to the motion, I granted it. Now ten day late for an objection plaintiff asks to reconsider (document no. 56), and defendant wants an order for expert reimbursement (document no. 58).

It would make for a good deal less judicial effort if the parties obeyed court orders and rules. Because of the tardiness

of the expert's report, the expert's report is deemed timely provided he may be deposed without fee to plaintiff.[1]  Plaintiff must pay for the court reporter since defendant cannot.  The motion to reconsider (document no. 56) is granted in part.  The motion for expert fees to be paid by plaintiff (document no. 58) is denied.

    SO ORDERED.

                                /s/ James R. Muirhead
                                James R. Muirhead
                                United States Magistrate Judge

December 12, 2005

cc:  David H. Bownes, Esquire
     Gregory A. Gaylor, pro se

---

[1] This order is not a ruling on the admissibility of the expert's proposed testimony.