UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Gregory Alan Gaylor**

    **v.**                                                         Case No. 05-cv-339-PB

**George W. Bush, et al.**

### O R D E R

Gregory Alan Gaylor has asked me to disqualify myself from presiding over this case because I allegedly interfered with the court's random case assignment policy and made comments and rulings that allegedly reveal "a strong personal bias . . . and prejudgment of the merits." Pet.'s Mem. at 1. I reject both arguments.

The only evidence Gaylor cites to support his first argument is that all five of the cases in which he has appeared as a litigant in this court have been assigned to me for resolution.[1] Gaylor implies on the basis of this statistical anomaly that I

---

[1] Case No. 05-cv-339 was initially assigned to Judge McAuliffe. After Gaylor brought a possible conflict of interest to the court's attention, Judge McAuliffe recused himself and the case was randomly reassigned to me.

must have interfered with the court's random case assignment process.  I did not participate in the assignment of any of Gaylor's cases and the evidence he cites does not demonstrate otherwise.  Accordingly I decline to disqualify myself simply because all of Gaylor's cases have been assigned to me for resolution.

    Gaylor also argues that I must disqualify myself because I repeatedly declared that he was guilty of fraud during the February 23, 2006 final pretrial conference for a civil fraud case that one of his alleged victims had brought against him.[2]  This argument is likewise insufficient to warrant disqualification.  I first addressed Gaylor's guilt on the fraud charges in a ruling in which I determined that he was collaterally estopped from denying his state court fraud convictions.  See Lunt v. Gaylor, 2005 DNH 114 at 8-11.  I took up the issue again later in another case when denying Gaylor's habeas corpus challenge to his state court convictions.  Among several issues that I considered and rejected in ruling on the

---

[2] Gaylor also cites other comments and rulings.  However, his arguments with respect to these comments and rulings are so insubstantial that they do not merit a response.

habeas corpus petition was Gaylor's contention that he was actually innocent of the fraud charges. See Gaylor v. Warden, 2006 DNH 014 at 14-18. Thus, I had ample reason at the final pretrial conference to make clear to the parties that Gaylor's guilt of the fraud charges would not be relitigated during the civil fraud trial.

The First Circuit has repeatedly recognized that "[a]dverse attitudes toward a party or witness formed on the basis of the evidence before the court do not constitute disqualifying bias and prejudice." In Re Cooper, 821 F.2d 833, 838 (1st Cir. 1987); see also United States v. Kelley, 712 F.2d 884, 889-90 (1st Cir. 1983). As I explained during the final pretrial conference, "I know nothing about this case other than what's in the record. And all I'm commenting on is what's in the record and things that I've done. I have been required [to rule] and have ruled that [Gaylor] is collaterally estopped from denying his fraud. So saying that you've been [found] guilty of fraud is not saying anything other than what I previously ordered." Transcript of Feb. 23, 2006 Final Pretrial Conf. at 63-64. Accordingly, my comments at the final pretrial conference concerning the fraud charges do not warrant disqualification because they merely

-3-

reflect my prior rulings.[3]

The Motion for Judicial Qualification (Doc. No. 52) is denied.[4]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 21, 2006

cc:   Gregory Alan Gaylor, pro se
      Peter Papps, Esq.
      Simon Brown, Esq.

---

[3] Gaylor cites both 28 U.S.C. § 144 and 28 U.S.C. § 455 in his motion for disqualification but relies exclusively on § 455 in his supporting memorandum. To the extent that Gaylor intends to rely on § 144, the materials he has submitted in support of his motion are insufficient to warrant disqualification under § 144 for the same reasons that they are insufficient to entitle him to relief under § 455.

[4] Gaylor has filed a similar Motion for Judicial Disqualification in Case No. 04-cv-398 (Doc. No. 93). I deny his motion in that case for the same reasons.

-4-