UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Estate of Margaret Lunt</u>

    **v.**                                   Case No.  04-cv-398-PB

<u>Gregory Alan Gaylor</u>


<u>**O R D E R**</u>

Gregory Alan Gaylor has filed a motion to reopen this case for the limited purpose of ordering the Estate of Margaret Lunt ("Estate") to provide a partnership accounting.  For the reasons set forth in this order, I deny his motion.

Gaylor bases his request for an accounting on New Hampshire Rev. Stat. Ann. § 304-A:22, which provides that:

> Any partner shall have the right to a formal account as to partnership affairs:
>     I.   If he is wrongfully excluded from the partnership business or possession of its property by his co-partners.
>     II.  If the right exists under the terms of any agreement.
>     III. As provided by RSA 304-A:21 [when a partner retains a benefit or profits obtained without the consent of other partners].
>     IV.  Whenever other circumstances render it just and reasonable.

Gaylor presumably contends that the Estate can be compelled to provide an accounting because the circumstances of the case

make an accounting "just and reasonable." I find no support in the record for this argument. Gaylor was the general partner in the partnership in question and Margaret Lunt was merely a limited partner. Gaylor does not allege that the Estate has possession of partnership records or partnership assets. Under these circumstances, Gaylor has no right to an accounting from the Estate simply because the Estate has sued him.[1]

Gaylor's Motion to Reopen the Proceedings and Lift the Stay (Doc. No. 92) is denied.[2]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 30, 2006

cc: Gregory Alan Gaylor, pro se
    David H. Bownes, Esq.

---

[1] Gaylor may be arguing that the Estate should be required to obtain an accounting from him before it can be permitted to proceed with its damage claims. See, e.g., Smith v. Manchester Management Corp., 117 N.H. 361, 363 (1977). The Estate is seeking an accounting from Gaylor, see Writ of Summons § V(A), and the stay does not prevent Gaylor from voluntarily providing an accounting. Moreover, Gaylor remains free to argue when the stay is lifted that the Estate must obtain an accounting from him before it can proceed with its damage claims.

[2] Either party may move to lift the stay at any time for the purpose of obtaining a trial on the pending claims and counterclaims.

-2-